UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JANE EWANE-SOBE,

                Plaintiff,          07-CV-6161T

v.

                                                               **ORDER**

ROCHESTER CITY SCHOOL DISTRICT,

                Defendant.
_____

    Plaintiff Jane Ewane-Sobe, proceeding pro se brings this action against defendant Rochester City School District claiming that the defendant discriminated against her because of her African descent.  Defendant moves to dismiss plaintiff's Complaint on grounds that plaintiff failed to serve the Complaint within 120 days of filing the Complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure.  According to the defendant, the complaint was served 134 days after the Complaint was filed, and therefore, was untimely by 14 days.

    Defendant's motion to dismiss is denied.  It is well-settled that a district court may extend the time for filing a Complaint either for good cause, or when the interests of justice so require, even in the absence of good cause.  Zapata v. City of New York, 502 F.3d 192, 196 (2nd Cir. 2007)("We hold that district courts have discretion to grant extensions even in the absence of good cause.")  In the instant case, the record reveals that there was good cause for the plaintiff's 14 day delay in serving the Complaint.  The Plaintiff relied on the United States Marshal's Service to effectuate service upon the defendant, and on or about April 4,

2007, provided the Marshal's Service with the appropriate forms to allow the Marshal's Service to serve the Complaint. The Marshal's Service attempted service by mail on April 16, 2007, but apparently, the defendant did not accept that service. Inexplicably, the Marshal's service did not indicate that it had failed to serve the defendant until July 13, 2007, (more than three months after plaintiff had requested service) when the service was returned to the court as unexecuted. Thereafter, on August 10, 2007, the Complaint was finally served on the defendant. Because the delay in service was a result of the Marshal's Service failure to timely inform the plaintiff or the court of its inability to effectuate service, I find that plaintiff has established good cause for the delay in service. See e.g. Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996)(failure of Marshal's Service to discharge its duty to serve complaint constituted good cause for plaintiff's delay in serving the complaint). Accordingly, I deny defendant's motion to dismiss.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
   MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         January 10, 2008

2