```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JANE EWANE-SOBE,

                         Plaintiff,            07-CV-6161T
v.                                             **DECISION**
                                               **and ORDER**
ROCHESTER CITY SCHOOL DISTRICT,

                         Defendant.
_____
```

## INTRODUCTION

Plaintiff Jane Ewane-Sobe, (Ewane-Sobe) brings this action against defendant Rochester City School District (the "City School District" or "School District") claiming that the defendant discriminated against her because of her African origin. Specifically, she claims that she has been denied promotional opportunities within the City School District because she was born in the nation of Cameroon, on the continent of Africa.

The City School District now moves for summary judgment against the plaintiff on grounds that she has failed to establish that the City School District discriminated against her on the basis of her national origin, or in any other manner. Specifically, the defendant contends that the plaintiff has failed to present any admissible evidence to the court to suggest that the School District discriminated against people born in Africa, or any other country. The School District further contends that plaintiff received fair consideration with respect to all of her applications for promotions, but that she was not promoted because she was not as qualified as the ultimately-successful candidates. Defendant

contends that the application process for the promotions was unbiased; that plaintiff has failed to rebut the defendant's reasons for not promoting her, and that plaintiff has failed to demonstrate that discrimination was the primary reason for her failure to receive a promotion.

The plaintiff opposes defendant's motion, and moves to amend the Complaint to add a cause of action for retaliation in violation of Title VII of the Civil Rights Act of 1964, claiming that discovery in this case has revealed that a School District employee, in retaliation for the plaintiff having filed a discrimination complaint and the instant lawsuit against the School District, pressured a school principal to refrain from promoting the plaintiff or recommending her for promotion.

For the reasons set forth below, I grant defendant's motion to dismiss plaintiff's failure to promote claim, and grant plaintiff's motion to add a claim for discriminatory retaliation.

## BACKGROUND

Plaintiff Jane Ewane-Sobe was born on April 2, 1955 in Cameroon. In Cameroon, Ewane-Sobe worked as a teacher. In 1981, she emigrated to the United States, and ten years later, in 1991, plaintiff became employed by the defendant Rochester City School District as a school counselor. As of the filing of the instant case, plaintiff remained an employee of the defendant.

Plaintiff claims that from 2005 through 2008, she applied for approximately 15 job promotions including 12 vice principal

positions, and one position in the central administrative offices of the School District. She contends that even though she is a naturalized citizen of the United States, she did not receive a promotion because she is from Africa, and the defendant discriminates against persons who were born in Africa.

The defendant contends that plaintiff was not discriminated against, but simply was not chosen for any of the promotions. According to the defendant, because the plaintiff is a school counselor, and not a teacher, her qualifications for the positions she sought were not as strong as the qualifications of the other applicants who applied for the positions. The defendant alleges that between 2005 and 2009, it received over 3,000 applications for 173 administrative positions. Of the 173 persons hired, 78 were Black or Hispanic, and 93 were White. The District does not keep statistics on the birthplace of its applicants.

In 2006 plaintiff filed an administrative complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"), claiming that the defendant discriminated against her on the basis of her national origin. The EEOC conducted an investigation into the plaintiff's claims, but found no basis to believe that discrimination had occurred. The EEOC issued a right to sue letter, and thereafter, plaintiff, proceeding pro se, filed the instant action alleging discrimination on the basis of her race, color, and national origin. Following this court's denial of defendant's motion to dismiss, plaintiff retained private counsel.

3

DISCUSSION

I. <u>The Defendant's Motion for Summary Judgment</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. <u>Scott</u>, 550 U.S. at 380 (citing <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-587 (1986)).

II. <u>Plaintiff has failed to establish a claim for failure to Promote</u>

A. <u>Legal Standard for Title VII Claims</u>

Plaintiff alleges in her Complaint that she was discriminated against on the basis of her national origin in violation of Title VII of the Civil Rights Act of 1964, which prohibits an employer from "hir[ing] or . . . discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment,

4

because of such individual's race, color, religion, sex, or national origin". 42 U.S.C. § 2000e-2.

Claims of employment discrimination are analyzed under the well-recognized burden shifting framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973) and later refined in <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248 (1981) and <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502 (1993). Under the <u>McDonnell Douglas</u> test, the plaintiff bears the burden proving a <u>prima facie</u> case of discrimination. If the plaintiff succeeds in stating a <u>prima facie</u> case, the burden of production shifts to the defendant to state a legitimate, non-discriminatory reason for taking the employment action at issue. Should the employer meet that burden, the burden of production then shifts back to the plaintiff to show that the reasons proffered by the employer were not the true reasons for the adverse employment action, but instead were a pretext for discrimination, and that discrimination was the real reason. <u>See</u> <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 252-53 (1981); <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502-06 (1993).

    B.  <u>Plaintiff's failure to Promote Claims</u>

To state a claim for failure to promote, a plaintiff must demonstrate that she: (1) is a member of a protected class; (2) was qualified for the position for which she applied; and (3) was denied the position under circumstances giving rise to an inference of discrimination. <u>Howley v. Town of Stratford</u>, 217 F.3d 141 (2nd Cir. 2000). In the instant case, for purposes of this motion, it

5

is undisputed that the plaintiff, having been born on the country of Cameroon on the continent of Africa, is a member of a protected class. Espinoza v. Farah Mfg. Co., Inc., 414 U.S. 86, 88 (1973) (Under Title VII, "[t]he term 'national origin' on its face refers to the country where a person was born, or, more broadly, the country from which his or her ancestors came.") It is further undisputed, for purposes of this motion only, that plaintiff was qualified for the positions she sought in her applications for promotion. However, because the plaintiff has failed to establish evidence of national origin discrimination on the part of the School District, I find that plaintiff has failed to establish that her failure to receive a promotion occurred under circumstances giving rise to an inference of discrimination. I therefore find that plaintiff has failed to state a prima facie case of national origin discrimination.

The plaintiff has failed to provide any evidence that any of the decision makers involved in evaluating her applications for promotions or hiring her harbored any discriminatory animus towards persons born in Cameroon or the continent of Africa. Indeed, in contravention of plaintiff's claim that no persons born in Africa served in administrative positions in the School District, the evidence in the record reveals that there were, at the time defendant's motion for summary judgment was filed, at least 2 persons who had been born in Africa served as assistant principles, the very job that plaintiff sought. Several other School District employees, including the Superintendent of Schools himself (who was

presiding over the School District at the time of the alleged discrimination), were born outside of the United States. While plaintiff has identified other persons born in Africa who did not receive promotions, she has not established that they were qualified for the positions they sought, or that the failure of these persons to receive promotions occurred under circumstances giving rise to an inference of discrimination based on national origin. Rather, the record reveals that very few applicants fro any administrative position actually succeeded, regardless of race or national origin. According to the uncontroverted statistics provided by the defendant, the district received over 3,000 applications for 173 administrative positions from 2005 to 2009. Accordingly, the vast majority of applicants for promotions did not receive promotions, and there is no evidence to suggest that any promotional determinations were based on any impermissible discriminatory animus.

In further support of her claim of national origin discrimination, the plaintiff alleges that the School District has "an unwritten policy of not promoting or appointing people who have been born in Africa to administrative positions." Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-motion to Amend at p. 2. In support of this claim, plaintiff cites the Declaration of a School District Employee who allegedly overheard the then

7

Superintendent of Schools, Dr. Clifford Janey, ask, on one occasion "why we should give jobs to outsiders, when we Americans are in need of these jobs." Id. at pp. 2-3.

This purported evidence, however, is not admissible, as the statements regarding Dr. Janey's alleged preference of American citizens over foreigners for employment in the School District constitutes hearsay. Amerisure Ins. Co. v. Laserage Technology Corp., 2 F.Supp.2d 296, 303 (W.D.N.Y., 1998)(Siragusa, J.)("Obviously, inadmissible evidence cannot create a genuine issue of material fact which would defeat the plaintiffs' summary judgment motion.") In this case, the plaintiff is attempting to admit the statements of an employee who allegedly heard the former Superintendent of Schools declare a preference for "Americans" over foreign workers.[1] As such, the statement is hearsay, and not admissible. Moreover there is no evidence in the record that the plaintiff attempted to obtain admissible evidence on this point. Because there is no admissible evidence that any school district employee had a bias against persons born in Africa, or that persons born in Africa were subjected to disparate treatment, I find that plaintiff has failed to state a claim of national origin discrimination.

---

[1] I note that plaintiff is an American citizen, having become, at some time not stated in the record, a naturalized citizen. Accordingly, it is not clear that the purported statement, even if true and admissible, would suggest a bias against the plaintiff.

III. Plaintiff's claim for Retaliation

Plaintiff moves to amend the Complaint to add a cause of action for retaliation based on the alleged attempts of a School District employee to prevent her from getting a promotion in retaliation for prior complaints of discrimination and the filing of the instant lawsuit.

A. Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts will generally allow amendments to pleadings where the amendment will not prejudice the opposing party. See, Rachman Bag Co. v. Liberty Mutual Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995). However, leave to amend a pleading may be denied where the claim sought to be added is without merit or futile. Fiske v. Church of St. Mary of the Angels, 802 F.Supp. 872, 877 (W.D.N.Y. 1992).

Here, I find that plaintiff's proposed claim of retaliation states a claim upon which relief may be granted, and that the plaintiff has stated a claim for retaliation that is sufficient to withstand a motion for summary judgment. I further find that the defendant is not prejudiced by amendment of the Complaint. Plaintiff moved to amend the Complaint within a reasonable time of learning of the basis for the amended claim.

9

B.  Retaliation Claim

To state a claim for retaliation, a plaintiff must establish: (1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff or action that would dissuade a reasonable worker from making or supporting a charge of discrimination; and (3) a causal connection between the protected activity and adverse action. Burlington Northern & Santa Fe Railway Co. V. White, 548 U.S. 53, 68 (2006); Holt v. KMI-Continental, 95 F.3d 123, 130 (2d Cir. 1996), cert. denied, 1997 WL 71191 (May 19, 1997); Tomka v. Seiler Corp., 66 F.3d 1295, 1308 (2nd Cir. 1995) (citations omitted). Should the plaintiff state a claim for retaliation, the defendant must then articulate a non-discriminatory, legitimate reason for taking the action complained of. If the defendant sustains its burden, the plaintiff is then required to show that the employer's articulated reason is both untrue and a pretext for the true retaliatory motive. Id.

Title VII prohibits retaliation by an employer against an employee in cases where the employee has engaged in protected activity under the statute. "Protected activity" includes opposing employment practices that are prohibited under Title VII (such as discrimination based on race, color, religion, sex, or national origin), or making a charge of discrimination, or participating in any investigation, proceeding, or hearing arising under Title VII. 42 U.S.C. 2000e-3(a). See also, Cruz v. Coach Stores, Inc., 202

F.3d 560, 566 (2nd Cir., 2000)("The term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination.") Specifically, Title VII provides that:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. 2000e-3(a).

In the instant case, plaintiff has established that she engaged in protected activity under Title VII. The record indicates that in October 2006, plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission, and on March 3, 2007, filed the instant lawsuit.

Plaintiff has further established that the School District engaged in activity that could dissuade a reasonable employee from making or supporting a charge of discrimination. Specifically, plaintiff alleges that in 2008, although she was the first choice of a school principal for a particular promotion, and was encouraged by that principal to apply for the promotion, the principal was discouraged from promoting her, or recommending her for promotion by a School District administrator because of her pending lawsuit. Although the School District denies that it pressured any employee not to promote or recommend the plaintiff

11

for promotion, Petrina Johnson, a school principal who had initially recommended the plaintiff for a promotion, testified in her deposition that she was told by a School District Administrator that plaintiff's lawsuit "complicated" matters thereby making it difficult to promote the plaintiff. Ms. Johnson further testified that she was told by the same administrator to "steer away" from the plaintiff with respect to filling a vacant position.

The administrator who made the alleged comments, in her deposition, claimed not to recall any such conversation, and in a later affidavit denied making such representations. However, just as a party "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." Hayes v. New York City Department of Corrections, 85 F.3d 614, 619 (2nd Cir. 1996)(citations omitted); a party may not attempt to settle a question of fact by contradicting previously sworn testimony. See, e.g. Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir.1969) "[i]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment . . ." I find that plaintiff has submitted sufficient evidence to raise a question of fact as to whether or not the defendant engaged in retaliatory conduct.

I further find that to the extent the defendant has rebutted the plaintiff's claim of retaliation, by asserting that the retaliation did not occur, plaintiff has satisfactorily presented evidence to suggest that the defendant's purported explanation is not true. Plaintiff has presented deposition testimony, and documentary evidence in the form of email communication, that she was Petrina Johnson's first choice for a promotion. She has further presented testimonial and documentary evidence that Ms. Johnson was asked by a School District Administrator to hold off on making such a recommendation until the Administrator could talk to Ms. Johnson about it. Plaintiff has further presented evidence that Ms. Johnson was told to "steer away" from promoting the plaintiff as a result of plaintiff having filed her lawsuit. Finally, plaintiff has presented evidence that Ms. Johnson withdrew her recommendation, and the School District ultimately hired a different candidate for the promotion. This evidence provides sufficient basis for a reasonable finder of fact to conclude that the defendant's claim that it did not retaliate against the plaintiff may not be credible. I therefore grant plaintiff's motion to amend the Complaint and add a claim for retaliatory discrimination.

CONCLUSION

For the reasons set forth above, I grant defendant's motion to dismiss plaintiff's claims of discrimination based on the defendant's alleged failure to promote. However, I grant plaintiff's motion to amend the Complaint to allege a cause of action based on retaliatory discrimination. Plaintiff shall file an Amended Complaint alleging only a cause of action for retaliation within 20 days of the date of this Order.

ALL OF THE ABOVE IS SO ORDERED.

                                        S/ Michael A. Telesca
                                     _____
                                         MICHAEL A. TELESCA
                                    United States District Judge

Dated:    Rochester, New York
             January 24, 2011